```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
                                    )
STEVEN P. ENDRES, derivatively on   )
behalf of EXHAUSTLESS INC.,         )
                                    )
          Plaintiff,                )
                                    )       CIVIL ACTION
          v.                        )       No. 23-12051-WGY
                                    )
ASHLEY MOODY in her official        )
capacity as Attorney General of     )
Florida et al.,                     )
                                    )
          Defendants.               )
_____)
```

YOUNG, D.J.                                         September 12,2023

**ORDER REGARDING CASE ASSIGNMENT**

Steven Endres filed this action on September 5, 2023, against approximately eighty defendants. Doc. No. 1. On the Civil Cover Sheet accompanying his complaint, Endres marked the action "related" to two other matters recently or presently pending before different sessions of this Court. Doc. No. 1-1 at 1 (identifying cases with docket numbers 21-cv-11558 and 23-cv-10511, assigned to Judge Sorokin and the undersigned, respectively).[1] This Court's Local Rule 40.1 establishes the procedures followed when assigning cases filed in this District.

---

[1] That designation by Endres initially led the Clerk erroneously to assign this matter to me. Doc. No. 3. The Clerk then reassigned the case to Judge Sorokin, as the judge presiding over the earlier filed of the two "related" cases Endres had identified. Doc. No. 6.

It provides a specific and limited definition of "related" civil cases:

> [A] civil case shall be deemed related to another civil case <u>only</u> if: (A) some or all of the parties are the same; <u>and</u> (B) one or more of the following similarities exist: (i) the cases involve the same or substantially similar issues of fact; (ii) the cases arise out of the same occurrence, transaction or property; (iii) the cases involve insurance coverage for the same property, transaction or occurrence.
>
> D. Mass. L.R. 40.1(g)(1) (emphasis added).

The action Endres has filed is not "related," within the above definition, to the earlier cases he identified. Though there are a handful of common parties, the overlap is not of the type or the scope the Local Rule contemplates.[2] Moreover, the earlier action that was tried before the undersigned involved a single antitrust claim challenging a distinct set of contracts establishing a business relationship between two airlines in a limited set of markets. The more recent case now pending before me similarly presents focused challenges under federal antitrust laws to the proposed merger of two airlines. Though they arguably present the potential for factual or legal overlap with one another, those two discrete antitrust actions

---

[2] For example, neither Endres nor his corporation were parties to the lawsuit before Judge Sorokin the Northeast Alliance. Only two of the dozens of airlines Endres seeks to sue in this case were also defendants in that earlier action (American Airlines and JetBlue), and two <u>plaintiffs</u> in the earlier case (the United States and Florida) are identified by Endres here as <u>defendants</u>.

were not "related" within the meaning of this Court's Local Rules (a fact which led to the reassignment of the latter case from Judge Sorokin to me).

Endres's initial pleading describes a case that is even further removed from the two he cites that preceded it.[3]  See generally Doc. No. 1 at 32-153 (broadly challenging slot and airspace allocation practices by an international association; accusing dozens of domestic and international airlines of racketeering activity, money laundering, and a group boycott of a process developed by Endres's company; and seeking orders compelling certain actions with respect to patents the company either holds or for which it has applied, among other things). Only a fraction of Endres's pleading concerns the pair of

---

[3] The Court notes that Endres's opening pleading does not appear strictly (or even loosely) to comply with various Federal Rules.  Compare Doc. No. 1 (containing lengthy unnumbered paragraphs spanning more than 120 pages that follow nearly twenty pages that simply list cited authorities), with Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim"), and Fed. R. Civ. P. 8(d)(1) (requiring the allegations in a pleading to "be simple, concise, and direct"), and Fed. R. Civ. P. 10 (requiring that claims be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

transactions that were the focus of the earlier cases he claims are "related."[4]  See id. at 40, 62-70, 87-89.

Accordingly, this action is not "related" to either of the two earlier cases Endres has identified.  The Court hereby directs the Clerk to randomly assign this matter in the ordinary course to a District Judge in the Boston division.

**SO ORDERED.**

/s/William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[4] And, indeed, within those passages, Endres implicitly concedes that his action involves questions not addressed in the earlier actions.  See, e.g., Doc. No. 1 at 40 (noting the undersigned's resolution of the earliest case "was silent on" slot-ownership questions that are central to Endres's claims).