**Attachment 3**

11-2720-ag
Paskar v. FAA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT: DENNY CHIN,
RALPH K. WINTER,
CHRISTOPHER F. DRONEY,
       Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

KENNETH D. PASKAR, FRIENDS OF
LAGUARDIA AIRPORT, INC.,

       Petitioners,

       -v.-                                          11-2720-ag

FEDERAL AVIATION ADMINISTRATION,
MICHAEL P. HUERTA, ACTING ADMINISTRATOR,
FEDERAL AVIATION ADMINISTRATION,
       Respondents.

- - - - - - - - - - - - - - - - - - - -x

FOR PETITIONERS:        RANDY M. MASTRO, Gibson, Dunn &
                        Crutcher LLP, New York, New
                        York, Steven M. Taber, Taber Law
                        Group, Irvine, CA.

FOR RESPONDENTS:        ABBY C. WRIGHT, Attorney, Appellate
                        Staff Civil Division (Tony West,
                        Assistant Attorney General, Michael
                        Jay Singer, Attorney, Appellate Staff
                        Civil Division, on the
                        brief),Department of Justice,
                        Washington, D.C.

>Robert S. Rivkin, General Counsel, Paul M. Geiger, Assistant General Counsel for Litigation, Joy Park, Trial Attorney, Department of Transportation, Washington, D.C.
>
>Daphne Fuller, Assistant Chief Counsel, Jonathan Cross, Branch Manager, Elizabeth Newman, Staff Attorney, Federal Aviation Administration, Washington, D.C.

Petition for review of an order of the Federal Aviation Administration (the "FAA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Kenneth D. Paskar and Friends of LaGuardia Airport, Inc. seek review of an order of the FAA dismissing the City of New York (the "City") from an action brought on a "Complaint and Request for Investigation" under Part 16 of the FAA regulations. 14 C.F.R. Part 16. Petitioners allege that the FAA and the City have violated grant assurances in agreements between the FAA and the Port Authority of New York and New Jersey (the "Port Authority") for funding for LaGuardia Airport ("LaGuardia").

Under § 46110(c) of the Federal Aviation Act, 49 U.S.C. § 46110(c), the FAA's factual findings are conclusive if they are supported by "substantial evidence." 49 U.S.C. § 46110(c). Under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), an agency's application of law to fact is upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Natural Res. Def. Council, Inc. v. FAA, 564 F.3d 549,

555 (2d Cir. 2009) (internal quotations omitted). This Court defers to the FAA's interpretation of a statute if the interpretation is reasonable. Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984). We defer to the FAA's interpretation of its own regulations unless the interpretation is "plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997) (internal quotations omitted).

Upon review of the administrative record and consideration of the parties' arguments, we hold that the FAA's factual findings were supported by substantial evidence, and its application of the law to the facts is not arbitrary or capricious, or an abuse of discretion, or otherwise not in accordance with law. The City is not a signatory or party to the grant agreements, nor is it a proper Part 16 "respondent" as defined in 14 C.F.R. § 16.3, as the City is not a "sponsor, proprietor, or operator" of the airport. 14 C.F.R. § 13.3(d).

Although the City owns the land upon which LaGuardia sits, the Port Authority is the operator of LaGuardia and leases the land from the City. The City does not qualify as a "sponsor" under the terms of the grant agreement, statute, see 49 U.S.C. § 47102(26), or regulations, see 14 C.F.R. § 16.3, because it is not an agency that receives financial assistance from the FAA. The City is not a "proprietor" because ownership alone is not sufficient to warrant proprietor status, and the City does not "operate" the airport. See San Diego Unified Port Dist. v. Gianturco, 651 F.2d 1306, 1317 (9th Cir. 1981) (holding that the owner, operator and promoter of an airport was the proprietor).

We have considered all of petitioners' remaining arguments and conclude that they are without merit. Accordingly, the petition for review is **DENIED**.

>FOR THE COURT:
>Catherine O'Hagan Wolfe, Clerk