IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN P. ENDRES, derivatively on behalf of EXHAUSTLESS INC., <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY MOODY in her official capacity as Attorney General of Florida, et al., <br><br> Defendants. | Civil Action No. 1:23-cv-12051-AK |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT AND
SCHEDULING OF STATUS CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants Alaska Airlines, Inc., American Airlines Group Inc., International Consolidated Airlines Group S.A., Delta Air Lines, Inc., Hawaiian Airlines Inc., JetBlue Airways Corp., Deutsche Lufthansa AG, Southwest Airlines, Co., Spirit Airlines, Inc., United Airlines Holdings, Inc., and United Parcel Service, Inc. ("Defendants") respectfully request that the Court grant an extension to **January 25, 2024** for Defendants to respond to the Amended Complaint in the above-captioned action and schedule a status conference to discuss how best to manage this multi-party litigation. As support for this Motion, Defendants state the following:

1. On September 5, 2023, Plaintiff Steven P. Endres ("Plaintiff"), purportedly filing pro se on behalf of Exhaustless Inc., filed the Complaint against 85 named Respondents. *See* Doc. No. 1.

2. On October 2, 2023, Plaintiff filed a Motion for Leave to File an Amended Petition, Doc. No. 16, and his proposed Amended Petition, Doc. No. 17 ("Amended Complaint"). The

Amended Complaint voluntarily dismissed Plaintiff's claims against 51 of the Defendants named in the original Complaint and substituted the parent entities for several of the remaining Defendants. *See* Notice of Dismissal and Clarification of Retained Parties (Oct. 2, 2023), Doc. No. 18.

3. On October 15, 2023, Plaintiff filed a Motion to Correct his Motion for Leave to File aAmended Complaint, stating that he had misinterpreted the service date of the original Complaint and was unaware that he could have filed his October 2 Amended Complaint as a matter of right. Doc. No. 35. On October 18, 2023, the Court entered an electronic order granting Plaintiff's Motion to Correct, thus making the Amended Complaint the operative complaint. Doc. No. 36.

4. The lawsuit remains pending against 24 Defendants. As of the date of this Motion, Plaintiff has filed purported proofs of service for 13 Defendants, including the following with respect to the Defendants filing this motion:[1]

| *Defendant* | *Date of Purported Service* | *Deadline to Respond to Complaint if Service Was Effective* [2] |
|---|---|---|
| American Airlines Group Inc. | October 6, 2023 | October 27, 2023 |
| Alaska Airlines, Inc. | October 6, 2023 | October 27, 2023 |
| International Consolidated Airlines Group S.A. | October 6, 2023 | October 27, 2023 |
| Hawaiian Airlines Inc. | October 6, 2023 | October 27, 2023 |
| United Airlines Holdings, Inc. | October 6, 2023 | October 27, 2023 |

---

[1] By listing the service dates on the proofs of service filed by Plaintiff and corresponding response dates pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendants do not waive and expressly reserve the right to move to quash service and/or object to service of process as insufficient under Fed. R. Civ. P. 12(b)(5).

[2] Deadline for response is 21 days from service. Fed. R. Civ. P. 12(a)(1)(C).

| *Defendant* | *Date of Waiver Request* | *Deadline to Respond to Complaint* [3] |
|---|---|---|
| Delta Air Lines, Inc. | September 19, 2023 | November 20, 2023 |
| JetBlue Airways Corp. | September 19, 2023 | November 20, 2023 |
| Deutsche Lufthansa AG | September 19, 2023 | November 20, 2023 |
| Southwest Airlines, Co. | September 19, 2023 | November 20, 2023 |
| Spirit Airlines, Inc. | September 19, 2023 | November 20, 2023 |
| United Parcel Service, Inc. | September 19, 2023 | November 20, 2023 |

5.      Given the sweeping nature of the allegations in the Amended Complaint, the extensive record of prior administrative filings and lawsuits by Plaintiff arising out of the same subject matter, the concurrent litigation proceeding against the United States in the Court of Federal Claims (*Endres v. United States*, No. 23-cv-01536-SSS), and that at least 11 of the named Defendants in the Amended Complaint have not yet been served or waived service, good cause exists for an extension of time for the undersigned Defendants to respond to the Amended Complaint.  An extension of time would allow Plaintiff to complete service, which in turn would allow all parties to coordinate with the Court on a briefing schedule for responsive pleadings and avoid inadvertent overlapping and incremental motions.  *See* Standing Order on Motions, Section A(1) (noting the "obligation to confer in good faith to resolve or narrow any issues prior to filing any motion").  A deadline of **January 25, 2024** is 90 days from the earliest of this group of Defendants' current purported response deadlines.

6.      Defendants also request a status conference at the Court's earliest convenience.  A status conference is necessary, *inter alia*, to clarify the identities and service status of the named Defendants, and to ensure the orderly progression of this multi-party litigation.

---

[3]      Deadline for response is 60 days from the date of waiver request. Fed. R. Civ. P. 4(d)(1)(F).

7. Additionally, Defendants plan to file a motion to strike the Amended Complaint pursuant to Fed. R. Civ. P. 12(f) on the grounds that it violates at least Fed. R. Civ. P. 8(a) and (d), as well as L.R. 83.5.5(c) (prohibiting corporations from appearing pro se and permitting the court to "strike any pleading filed on behalf of any entity that purports to appear *pro se*"); *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 2 (1st Cir. 2010) (noting "long-standing rule barring persons who are not licensed to practice law from representing corporations in judicial proceedings"); *Volumetric Imaging, Inc. v. Teledyne, Inc.*, 194 F.R.D. 373, 375 (D. Mass. 2000) (denying corporation's motion for relief where corporation's president, a non-attorney, attempted to represent it pro se; "An individual who is not an attorney authorized to appear in the district court is not authorized to appear for or sign pleadings on behalf of a corporate entity. . .. This rule applies to a person purporting to be president or some other official of the corporate entity, as well as to other individuals."); *see also Endres v. United States*, No. 23-cv-01536-SSS (Ct. Fed. Cl. Oct. 6, 2023), ECF No. 9 (Department of Justice's motion to dismiss this Plaintiff's complaint in another action for the same reason). Defendants therefore also request a status conference in order to discuss a schedule for such a motion prior to the response deadline requested above.

8. This Motion is made in good faith and is not interposed for delay or any improper purpose. Plaintiff will not be unfairly prejudiced by the enlargement of time, and in fact the requested extension will allow for Plaintiff to retain counsel, as he must if he elects to proceed with this case. *See CG-Navitronics, Inc. v. Ferrante*, No. 23-cv-11271-IT, 2023 WL 5228188, at *1 (D. Mass. June 9, 2023). Nothing in this Motion or proposed order is intended to prevent any party from seeking further extensions on the consent of the parties or from the Court.

9. Defendants do not, by virtue of filing this Motion or appearing in Court for the limited purpose of filing this Motion, waive any defenses and Defendants expressly reserve all

-4-

defenses that may be available in this action, including but not limited to the defenses of insufficient service of process, lack of personal jurisdiction, and improper and inconvenient venue.

10. Pursuant to Local Rules 7.1(a)(2) and 37.1, and this Court's standing order, Defendants have made multiple attempts to contact Plaintiff regarding the topics in this Motion. Specifically, counsel for Defendants emailed Plaintiff on September 28, October 4, October 12, and October 16, 2023 at the e-mail address provided in the Complaint and Amended Complaint, requesting to meet and confer regarding Defendants' deadlines to respond to the Amended Complaint. Plaintiff finally responded on October 18, 2023, stating as follows: "I am in the process of re-serving to correct rejections for the process of service [sic]. I will post corrections to the proof of service dates as I receive them. This delay provides an extension. Let's reconnect next week once the dates of service are known." Counsel for Defendants responded, requesting a phone call to clarify. Plaintiff did not respond. Counsel for Defendants followed up by email on October 19 and outlined Defendants' request for relief in this Motion, stating: "If we do not hear from you, we will indicate such in our motion. For the avoidance of doubt—we seek your consent by email only as a last resort because you have not yet been willing to schedule a call, but we remain willing to discuss this matter with you at any time." Plaintiff did not respond.

11. Defendants have not made any prior application for an adjournment of their time to respond to Plaintiff's Amended Complaint.

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that the Court:

1. Grant this Motion and extend the deadline for Defendants to answer, move, or otherwise respond to the Amended Complaint to **January 25, 2024**; and
2. Schedule a status conference at the Court's earliest convenience.

DATED:  October 20, 2023                              Respectfully submitted,

                                                                           */s/ Abigail Mahoney*
Abigail Mahoney (BBO # 709427)
WHITE & CASE LLP
75 State St.
Boston, MA 02109
Tel: (617) 979-9300
abigail.mahoney@whitecase.com

Anna Kertesz (*pro hac vice* forthcoming)
Kathryn J. Mims (*pro hac vice* forthcoming)
WHITE & CASE LLP
701 13th Street, NW
#600
Washington, DC 20005
Tel: (202) 626-3600
anna.kertesz@whitecase.com
kathryn.mims@whitecase.com

Kathryn Swisher (*pro hac vice* forthcoming)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
kathryn.swisher@whitecase.com

*Attorneys for Defendants Alaska Airlines, Inc., International Consolidated Airlines Group S.A., Delta Air Lines, Inc., Hawaiian Airlines Inc., JetBlue Airways Corp., Deutsche Lufthansa AG, Southwest Airlines, Co., United Airlines Holdings, Inc., and United Parcel Service, Inc.*


*/s/ Geoffrey E. Hobart*
Geoffrey E. Hobart
(BBO # 547499)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110
Tel: (617) 603-8800
Email: ghobart@cov.com

-6-

        Katharine Mitchell-Tombras (*pro hac vice*)
        Gary M. Rubman (*pro hac vice*)
        COVINGTON & BURLING LLP
        One CityCenter
        850 Tenth Street NW
        Washington, DC 20001-4956
        Tel: (202) 662-6000
        kmitchelltombras@cov.com
        grubman@cov.com

        Jonathan M. Sperling (*pro hac vice*)
        Kyle W. Chow (*pro hac vice*)
        COVINGTON & BURLING LLP
        The New York Times Building
        620 Eighth Avenue
        New York, New York 10018
        Tel: (212) 841-1000
        jsperling@cov.com
        kchow@cov.com

        *Attorneys for Defendant American Airlines Group Inc.*


        */s/ Kathleen M. Guilfoyle*
        Kathleen M. Guilfoyle (BBO # 546512)
        CAMPBELL CONROY & O'NEIL, P.C.
        20 City Square, Suite 300
        Boston, MA 02129
        Tel: 617-241-3000
        kguilfoyle@campbell-trial-lawyers.com

        - and –

        Jonathan E. DeMay (*pro hac vice* forthcoming)
        Constantine J. Petallides (*pro hac vice* forthcoming)
        CONDON & FORSYTH LLP
        7 Times Square, 18th Floor
        New York, New York 10036
        Tel: 212-490-9100
        jdemay@condonlaw.com
        cpetallides@condonlaw.com

        *Attorneys for Defendant Spirit Airlines, Inc.*

-8-

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 20, 2023, a true and correct copy of the foregoing document and attachment was served upon all counsel of record via the CM/ECF system.

                                                    */s/ Abigail Mahoney*
                                                    Abigail Mahoney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN P. ENDRES, derivatively on behalf of EXHAUSTLESS INC., <br><br>    Plaintiff, <br><br>v. <br><br>ASHLEY MOODY in her official capacity as Attorney General of Florida, et al., <br><br>    Defendants. | Civil Action No. 1:23-cv-12051-AK |

### [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT AND SCHEDULING OF STATUS CONFERENCE

The Court having read and considered Defendants' Motion for Extension of Time to Respond to Steven P. Endres's ("Plaintiff") Amended Complaint and Scheduling of Status Conference (the "Motion")

**HEREBY ORDERS** that the Motion is **GRANTED** and Defendants' deadline to respond to Plaintiff's Amended Complaint shall be extended to **January 25, 2024**. And it is further

**ORDERED** that the parties shall appear for a status conference in this action on **October \_\_\_, 2023** at \_\_\_\_ AM/PM Eastern Time.

IT IS SO ORDERED.

Dated: _____, 2023

                                              _____
                                              Honorable Judge Angel Kelley
                                              United States District Judge