## UNITED STATES COURT OF FEDERAL CLAIMS

STEVEN P. ENDRES, derivatively on behalf of EXHAUSTLESS INC.

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

Case No: 1:23-cv-01536

Judge: Stephen S. Schwartz

## PLAINTIFF'S OBJECTION TO AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR TO STAY THE CASE

Plaintiff Endres objects to the Defendant the people of the United States' counsel's motion to dismiss or stay the case, ECF 9, filed October 6, 2023, because Defendant's counsel cited no right to file the motion, pursuant to Rule 12(b). However, Endres hereby responds to the motion in his interest to promote an efficient judicial proceeding.

1. **Defendant's counsel misinterprets the court's rules.**

Defendant's counsel claims that pursuant to Rule 83.1(a)(3), Endres cannot represent Exhaustless Inc. before this court because he is not an attorney. But Endres is not representing Exhaustless Inc.; he is representing himself and his own personal interest in the corporation, pursuant to Rule 83.1(a)(3), and his own

1

personal interest in the corporation's rights to conduct commerce, pursuant to Rule 23.1.

**2. Defendant's counsel directs the court to irrelevant case law.**

Defendant's counsel directs this court to *Page v. United States*, 49 Fed. Cl. 521, 528–29 (2001), that "to maintain a shareholder derivative action in this court, a shareholder must be represented by counsel." But that case was decided based on the absence of Rule 23.1 in this court, as stated in the footnote omitted by defendant's counsel ("[t]he Rules of this court have no direct counterpart to Rule 23.1 of the Federal Rules of Civil Procedure, which expressly governs derivative actions by shareholders in the federal district courts." *Id.* (internal quotations and citations omitted)). Less than a year after the *Page* ruling, in response to binding case law, this court added Rule 23.1 Derivative Actions to the RCFC in 2002.[1]

Defendant's counsel's reliance on *Talasila Inc. v. United States*, 240 F.3d 1064 (Fed. Cir. 2013) is equally misguided because that case was brought in the name of the corporation, represented by a non-attorney shareholder. In contrast, the instant case was brought in the name of the individual shareholder, Endres, who is representing himself.

---

[1] *Note that* this court amends its rules to be consistent with the FRCP, see RCFC, i (As amended through July 31, 2023) ("The Federal Rules of Civil Procedure applicable to civil actions tried by a United States district court sitting without a jury have been incorporated into the following rules to the extent appropriate for proceedings in this court.").

### 3. Defendant's counsel discriminates against Plaintiff.

The website of the Civil Division of the U.S. Department of Justice claims that its responsibilities include "ensuring the Federal Government speaks with one voice in its view of the law." Yet the Civil Division does not even speak with one voice in *this* court; it overlooks the law when defending the United States against air carriers and foreign air carriers.[2] In a case brought by 42 air carriers and foreign air carriers, *17 carrier-corporations purport to represent themselves pro se;[3] see* Air Canada et al v. USA, Case No. 1:18-cv-00062-RAH. Because the corporation is not a person, it is required by statute to be represented by counsel, pursuant to 28 U.S.C. § 1654 and RCFC Rule 83.1(a)(3). Yet the attorney for the United States — the same Principal Deputy Assistant Attorney General as in the instant case — filed no motion to dismiss the case brought by those "pro se" plaintiff-corporations, nor a motion to stay the case while the corporation obtains counsel.

The 17 carriers representing themselves "pro se," and U.S. attorneys from the Civil Division of the DOJ have conferred outside of the court on numerous occasions since the case was filed in 2018.

---

[2] *Note that* many of these air carriers and foreign air carriers are defendants in Plaintiff's antitrust and RICO case in the U.S. District Court for the District of Massachusetts, Case No. 1:23-cv-12051.
[3] The carriers represented by the same attorney include Air Canada, Air France, Alaska, American, Austrian, Delta, and Hawaiian. The "pro se" carriers include JetBlue, FedEx, LATAM, KLM Royal Dutch, Lufthansa, Southwest, United, and UPS.

### 4. Plaintiff exhausted his administrative remedies.

In their motion to dismiss, Defendant's counsel points out that Exhaustless Inc. twice challenged FAA orders in the U.S. Circuit Court for the D.C. Circuit over this same issue. And that is true; Exhaustless challenged the FAA's orders — orders that the FAA uses to enforce an agreement among carriers to allocate airspace reservations with grandfathering — pursuant to the Administrative Procedures Act (APA), and the Civil Division of the U.S. Department of Justice represented the FAA in both cases. Indeed, it was the outcome of those cases, *inter alia*, that led Endres to realize his economic claim was pursuant to his constitutional rights and belongs in this court.

In the first case brought in 2018, Case No. 18-1303, Exhaustless challenged the FAA orders that interfere in Exhaustless Inc.'s market of airspace reservations; *see* Plaintiff's Complaint at ¶21. The court, represented by a panel of 3 judges, found that the orders unlawfully grandfathered the slots;[4] that the orders were "revocable at will;"[5] and found no hurdles for Exhaustless to collect the revenue from suppliers and consumers. But because no airline had challenged the orders, the court opined, that "suggest[ed] a form of acceptance among the parties having the most direct stake. Article III denies us any license to disrupt that evident acceptance today."[6]

---

[4] See *Exhaustless Inc. v. FAA*, 931 F.3d 1209, 1212 (D.C. Cir. 2019) ("[t]he interim rule resembled the High Density Rule and generally grandfathered the slots held by airlines under the previous regime . . . [and] the FAA once more extended the interim orders for LaGuardia and JFK Airports").
[5] *Id.* at 1213.
[6] *Id.* at 1215.

For Exhaustless to have standing to challenge the FAA's orders, the Court stated that Exhaustless must bring all parties before the Court to determine traceability.[7] Or, the panel suggested, the "appropriate administrative channel"[8] is to bring a case should the FAA deny Exhaustless' petition for rulemaking — its petition to rescind the orders blocking Exhaustless' market — because Exhaustless would have standing; *see* Plaintiff's Complaint at ¶16.[9]

Exhaustless brought its second case in 2019, No. 19-1158, challenging the FAA's denial of Exhaustless' petition for rulemaking to remove the FAA's economic regulation of airspace reservations; *see* Plaintiff's Complaint at ¶24. A panel of 3 different judges from the court said that their precedent under the APA precluded judicial action to protect Exhaustless' "primarily economic" interest and so denied review.[10]

Because Exhaustless had exhausted the administrative path to protect its economic interests, Plaintiff is in this court enforcing his economic right to Exhaustless' property that was taken each time the FAA allocated the airspace reservations to the public outside of Exhaustless' market, even after the D.C.

---

[7] *See id*. at 1212 ("when a petitioner's injury arises from an agency's 'unlawful regulation (or lack of regulation) of someone else,' causation often is 'substantially more difficult' to establish because the petitioner must demonstrate that the injury does not result from 'the independent action of some third party not before the court." (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 562, 112 S.Ct. 2130 (1992)).

[8] *Id*. at 1213.

[9] See id. ("The petition remains pending with the FAA, and, should the agency reject it, Exhaustless would have standing to seek judicial review.").

[10] *Exhaustless Inc. v. FAA*, Case No. 19-1158, Judgment, ECF 1835740 (D.C. Cir. 2020), Doc. 225, PA-G Court 236 at 237.

5

Circuit Court found no legal hurdles to Exhaustless' multi-sided competitive market allocation.

To prevent future injury to Plaintiff, Plaintiff has traced the process of allocating airspace reservations pursuant to the agreement among carriers, the IATA WSG, and petitioned for permanent injunction of the agreement in the U.S. District Court for the District of Massachusetts, Case No. 1:23-cv-12051.

### 5. Defendant's counsel fails to state the grounds for the motion.

Defendant's counsel cited Rule 7(b) as its right to file the motion but failed to state with particularity the grounds for seeking the order pursuant to that rule.

### 6. Plaintiff's right to due process.

Plaintiff is before this court pursuant to his right under the fifth amendment to the constitution, which states that "no person . . . shall be deprived of life, liberty, or property, without due process of law."

The right to due process is codified at 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel"), and at 28 U.S.C. § 2503(a) ("[p]arties to any suit in the United States Court of Federal Claims may appear before a judge of that court in person or by attorney"), which is further codified at RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself") and RCFC 23.1 ("when one or more shareholders . . . of a corporation . . . bring a derivative action to enforce a right that the corporation . . . may properly assert but has failed to enforce").

6

## OATH

I declare under penalty of perjury that the foregoing is true and correct.

Signed October 20, 2023.



*/s/ Steven P. Endres*
Steven P. Endres — PRO SE

4338 Hillside Dr
Ann Arbor, Michigan 48105
steve@exhaustless.com
1-(734) 945-9231