UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

STEVEN P. ENDRES
_____

    *Plaintiff*,

                                          Civil Action No.:
                                          1:23-CV-12051-WGY

v.

ASHLEY MOODY, ET AL.,
_____

    *Defendant*.
_____/

**<u>DEFENDANT ASHLEY MOODY'S MOTION TO SET ASIDE PLAINTIFFS MOTION FOR ENTRY OF DEFAULT</u>**

Defendant, ASHLEY MOODY, by and through the undersigned counsel and pro hac vice appearance of additional counsel, which is filed contemporaneously herewith, hereby moves this Court, pursuant to Rules 55(c) and 60(b), Federal Rules of Civil Procedure, to set aside Plaintiff's motion for entry of default, filed on October 31, 2023. In support of this Motion Defendant states the following:

1. On September 26, 2023, Defendant, Ashley Moody was served with the Plaintiff's Complaint which was filed on September 6,

2023. The Complaint was not ignored nor completely neglected. On October 10, 2023, the case was assigned to the undersigned counsel.

2. The undersigned and staff incorrectly calendared the answer for forty days (November 5, 2023) as would be the deadline under Florida law, instead of the twenty-one days (October 17, 2023) required in this civil action.

3. The undersigned counsel identified this error on November 1, 2023, and confirmed the oversight with staff.

4. Defendant, Ashley Moody seeks relief under Rule 55(c), Federal Rules of Civil Procedure and moves to set aside Plaintiff's motion for entry of default.

5. Additionally, Defendant seeks relief pursuant to Rule 60(b)(1), Federal Rule of Civil Procedure, due to mistake, inadvertence, or excusable neglect. As stated in the paragraphs above, the undersigned, due to mistake, assigned the response to the summons for November 5, 2023, versus the correct date of October 17, 2023.

6. Rule 60, which provides for relief from a judgment or order, allows a court to set aside entry of a default judgment. The Clerk

has not entered a default and there is no default judgment as of November 3, 2023. Where there has been a certificate of default, but no default judgment, the court decides the motion to vacate the entry of default pursuant to Fed, R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Fed. R. Civ. P. 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

7. Despite the different standards, the same "good cause" factors are applied in Rule 55(c) and Rule 60(b) motions. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993). When determining whether there is "good cause" to vacate entry of default under Fed. R. Civ. P. 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the default claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001).

8. The undersigned's error in identifying the correct due date (October 17, 2023) to answer the complaint is not willful conduct. Defendant has demonstrated that their failure to answer the complaint was not willful but rather was the result

3

of excusable neglect and mere negligence or carelessness is insufficient to support a finding of willfulness. *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Likewise, upon Plaintiff's motion for entry for default (October 31, 2023), Defendant immediately moved to vacate the default (November 6, 2023). Rule 55 (c) does not indicate within what time frame a defaulting party must move to set aside a default, and in this instance, Defendant responded in a reasonable time. The failure to respond to the complaint and the reasonable time to set aside the Plaintiff's default are not actions in line with willful conduct required to sustain an entry of default.

9. Defendant, Ashley Moody has and will present to this court meritorious defenses. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Defenses are subject to a "low threshold of adequacy for Rule 55 purposes." *Meehan*, 652 F.2d at 277. Several defenses to Plaintiff's complaint are Defendant, Ashley Moody is not a proper party to the cause of action and Plaintiff fails to state a cause of action against Defendant where the Court may grant

relief. Whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp*, 10 F.3d at 98. *See also Davis*, 713 F.2d at 916 ("a defendant seeking to vacate a default judgment need not conclusively establish the validity of the defenses asserted …").

10. Plaintiff will not suffer prejudice because of Defendant's delay in answering the complaint. While vacating the default judgment will result in some delay, "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. It must be shown that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis*, 713 F.2d at 916. Plaintiff's complaint fails to allege that a delay will result in his suit being unduly prejudiced.

11. Because all three factors are met under the standard of good cause to vacate a default, Defendant respectfully requests Plaintiff's motion for entry of default be set aside.

12. The foregoing constitutes good cause for the relief

requested by Defendant, Ashley Moody herein.

Respectfully submitted on November 8, 2023.

**ASHLEY MOODY**
**ATTORNEY GENERAL**

*S/ Colleen A. Monroe*
Collen A. Monroe
Mass. Bar. No. 691111
Fla. Bar. No. 1036189
Christopher Baisden
Senior Assistant Attorney General
Fla. Bar No. 36017
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 488-4872 (fax)
Primary Emails:
Colleen.Monroe@myfloridalegal.com
Christopher.Baisden@myfloridalegal.com
Secondary Emails:
Steven.Holcomb@myfloridalegal.com
Christian.Cruz@myfloridalegal.com

*Counsels for Defendant*
*Florida Office of Attorney General*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished via mail and electronically to: **Steven P. Endres**, Pro Se, 4338 Hillside Drive, Ann Arbor, Michigan 48105, on November 8, 2023.

steve@exhaustless.com

*S/ Colleen A. Monroe*
Colleen A. Monroe
Assistant Attorney General
Christopher Baisden
Senior Assistant Attorney General
