UNITED STATES DISTRICT COURT for the DISTRICT OF MASSACHUSSETS

STEVEN P. ENDRES

        **Plaintiff,**

v.

ASHLEY MOODY, *et al*

        **Defendants.**

Case No. 1:23-cv-12051-AK

## PLAINTIFF'S OPPOSITION TO DEFENDANT MOODY'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Plaintiff Endres opposes the motion of Defendant Moody's counsel to set aside Endres' motion for entry of default pursuant to Fed.R.Civ.Proc. 55(c) and 60(b)(1). (ECF 97).

Plaintiff disagrees with counsel's statement of law that "[w]hen determining whether there is 'good cause' to vacate entry of default under Fed. R. Civ. P. 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the default claims; and (3) prejudice to the non-defaulting party should relief be granted." ECF 97 ¶7. The first appearance of these three factors in *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) was a description of the factors *from that specific case* that led the court to decide good cause existed to set aside default. The Congress has had 54 years since this ruling

to pass a law amending Rules 55(c) and 60(b) if it had wanted to constrain the district court's judgment in this way. Yet the law remains that "The court may set aside an entry of default for good cause[.]" 28 U.S.C. App. Rule 55(c).

Plaintiff asserts that the controlling case law is from *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962):

> The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on *the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct*.

Id. at 632 (emphasis added).

Plaintiff will address the factors pertaining to the instant case.

### 1. Defendant Moody knows the consequences of failing to timely answer a complaint.

Per Defendants motion at ECF 97, Defendant Moody, the Attorney General for the State of Florida, was served a summons and a complaint from a U.S. federal court on September 26, 2023, which required an answer by October 17, 2023, pursuant to 28 U.S.C. App. Rule 12(a)(1)(A)(i). Defendant's counselors — employee-attorneys of the Office of the Attorney General of Florida ("OAGFL") — first claim that they incorrectly calendared the due date of the answer to the complaint, and then claim that they discovered their error on November 1, 2023. Yet counsel waited until November 8, 2023, to file a motion. Plaintiff asserts that Moody's claim of mistake or excusable neglect for failure to timely answer the complaint is not in good faith for the following reasons.

Defendant Moody is a former commercial litigator, former federal prosecutor in the United States Attorney's Office, a former State of Florida circuit court judge, an adjunct professor of law at a university, and a "frequent lecturer on . . . best practices for Florida attorneys."[1] Defendant Moody has been the Attorney General of Florida for over four years, and as such is the head of the OAGFL.[2]

Monroe, one of the attorneys for Defendant Moody, is Assistant Statewide Prosecutor of OAGFL and is "[r]esponsible for the investigation and prosecution of various multi-jurisdictional crimes including . . . RICO," a former Assistant Attorney General of the Commonwealth of Massachusetts from 2019 to 2022, a former Assistant District Attorney of the Commonwealth of Massachusetts from 2016 to 2018, and a former commercial litigator.[3]

Defendant Moody, and the attorneys of the OAGFL, have access to the U.S. courts' electronic docket as a Plaintiff in *this court* in the American Airlines – JetBlue Northeast Alliance case ("NEA case").[4]

The OAGFL is a state agency charged with acting as the government's law firm and has a duty to ensure its attorneys follow the U.S. laws, yet counselors implicitly claim that it has established no process of internal controls to ensure it meets court due dates.

---

[1] *See* https://www.myfloridalegal.com/ag-bio.
[2] See *id*.
[3] *See* profile at LinkedIn.com.
[4] *See*, *e.g.*, U.S.A. et al v. American Airlines Group, Inc. and JetBlue Airways Corp., Case No. 1:21-cv-11558-LTS (DMass), ECF Nos 44, 45, and 73 (the Notice of Appearance on behalf of Plaintiff, The State of Florida).

3

Plaintiff asserts that because of the expertise of Defendant Moody and her counsel, this delay is neither a mistake, inadvertence, nor an excusable neglect, and therefore any relief pursuant to FRCP 60(b)(1) should be denied.

## 2. Defendant Moody fails to show the existence of a meritorious defense.

Counsel claims the defense that "Ashley Moody is not a proper party to the cause of action." ECF 97 at ¶9.  The Settlement Agreement among Spirit Airlines, Inc., JetBlue Airways Corp., and the Attorney General of Florida (Mar. 6, 2023), Doc. 214, PA-I Antitrust 695, ECF 17 ¶V, was by "Ashley Moody Attorney General State of Florida" and signed by her counsel.  It was broadcast to the public from the website titled "Office of the Attorney General Ashley Moody Stronger, Safer Florida" in a news alert titled "Thousands of Jobs and Flights Secured for FL."[5] Plaintiff asserts that this defense is not meritorious.

Counsel also claims the defense that "Plaintiff fails to state a cause of action against Defendant where the Court may grant relief." ECF 97 at ¶9.  Plaintiffs requested the court to enjoin an agreement between the State of Florida and two air carriers that interferes in domestic and foreign commerce in violation of the U.S. Constitution, and of well-established case law.  *See* ECF 17, Request for Relief A. ¶¶28-29.  Plaintiff asserts that this defense is not meritorious.

---

[5]  *See* https://www.myfloridalegal.com/newsrelease/thousands-jobs-and-flights-secured-fl.

### 3. Delay will provide further opportunity to usurp competition.

Moody and the OAGFL — as attorneys for the State of Florida in the U.S.A. et al v. American Airlines and JetBlue's NEA case — had access to the documents that Exhaustless provided to the DOJ and which the DOJ disclosed as discovery under protective order, which included Exhaustless' publicly filed objection to the NEA because the NEA was predicated on the IATA's Worldwide Slot Guidelines. *See* Amended Complaint, ECF 17, ¶K.2. at 68. The documents also included a draft of Plaintiff's complaint filed in the instant case. Yet knowing this, Moody and her counsel from the OAGFL antitrust division entered into an unlawful agreement with JetBlue Airways and Spirit Airlines to enforce a State agency's illegal regulations of price, route, and service in air transportation in exchange for the agency not to enforce federal antitrust laws — an agreement by a State agency that prohibited the air carriers from disclosing the agreement in discovery in any court.[6] Any delay will provide greater opportunity for the OAGFL to usurp Congressional mandates for market competition to allocate routes and service schedules.

### 4. Plaintiff will be prejudiced if the court sets aside default.

The set aside of default would prejudice Plaintiff[7] by providing more time for Defendant Moody to violate Plaintiff's constitutional right to engage in domestic

---

[6] *See* Settlement Agreement among Spirit Airlines, Inc., JetBlue Airways Corp., and the Attorney General of Florida (Mar. 6, 2023), Doc. 214, PA-I Antitrust 695, ¶30 at 704.

[7] Counsel claims that, to show prejudice, Plaintiff must show that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." ECF 97 ¶10 (citing Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). But that judicial statement in *Davis* did not reference a statute or case law, but rather a textbook, and so cannot be relied on.

and foreign commerce through his majority-owned company, *see* ECF 17 at 90 (quoting *Crutcher v. Kentucky*, 141 U.S. 47, 57 (1891)); his right to a market free from Florida's illegal interference, see ECF 17 ¶G; and his right to due process under the fifth and fourteenth amendments.

## 5. Conclusion

Therefore, Endres asserts that the court will receive only questionable law from Defendant Moody's counsel in this case and requests the court deny Moody's motion to set aside entry of default.

## 6. Oath

I declare under penalty of perjury that the foregoing is true and correct. Signed November 21, 2023.

*/s/Steven P. Endres*
Steven P. Endres — PRO SE

4338 Hillside Dr
Ann Arbor, Michigan 48105
steve@exhaustless.com
1-(734) 945-9231