**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEVEN P. ENDRES, derivatively on behalf of EXHAUSTLESS INC., | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-cv-12051-FDS |
| ASHLEY MOODY in her official capacity as Attorney General of Florida, et al., | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR LIMITED MOTION
TO STRIKE THE AMENDED COMPLAINT**

Defendants Air Canada, Inc., Air France-KLM S.A., Alaska Airlines, Inc., American Airlines Group Inc., International Consolidated Airlines Group S.A., Delta Air Lines, Inc., Deutsche Lufthansa AG, FedEx Corp., Frontier Group Holdings, Inc., Hawaiian Airlines Inc., JetBlue Airways Corp., LATAM Airlines Group S.A., Metropolitan Washington Airports Authority, Port Authority of New York and New Jersey, City of Newark, Southwest Airlines, Co., Spirit Airlines, Inc., United Airlines Holdings, Inc., United Parcel Service, Inc., the Office of the Attorney General of Florida (Ashley Moody), and the United States of America ("Defendants") respectfully submit this memorandum of law in support of their Limited Motion To Strike the Amended Complaint.

Plaintiff Steven P. Endres brings this action without counsel on a representative basis seeking relief on behalf of his company, Exhaustless Inc.  But as set forth in Local Rule 83.5.5(c), a corporation may not bring an action *pro se*.  As the Court of Federal Claims recently held when it granted the United States Department of Justice's motion to dismiss a different complaint Mr.

Endres filed, this requirement holds even when there is a single shareholder, or when the action is brought derivatively: where the action is brought on behalf of the corporation, the corporation must appear through counsel.  Because Mr. Endres does not have counsel, the Court should strike the Amended Complaint and dismiss the action.

## BACKGROUND

Plaintiff Steven Endres's business, Exhaustless, has purportedly developed a product for allocating reservation slots at airports.  Amended Complaint at 10–11.  Mr. Endres has allegedly sent "unsolicited proposals" to numerous airlines, regulators, and airport owners and operators— including many named as Defendants in this case—but without success.  *Id.*  Having failed to sell his product, Mr. Endres brings this action alleging a wide-ranging conspiracy against him, for which he believes he is owed hundreds of billions of dollars.

The Amended Complaint is over 125 pages of conclusory, repetitive allegations, and fails to enumerate Plaintiff's purported claims in an organized fashion.[1]  From what Defendants can discern, Plaintiff takes issue with the Worldwide Slot Guidelines ("WSG"), which are global guidelines established by relevant trade associations setting forth a system by which airlines and airport owners and operators can allocate reservations for flight take offs and landings.  *See* Amended Complaint at 7.  The WSG are voluntary, free, and do not establish prices for any good or service, yet Plaintiff appears to assert that Defendants' adoption of the WSG is a violation of multiple federal statutes, including, *inter alia*, Section 1 of the Sherman Act and the federal RICO statutes, as well as various provisions of the Constitution.  *See id.* at 114–126.  Plaintiff seeks wide-

---

[1]     Mr. Endres seeks relief as a shareholder derivative claim on behalf of the corporation, but he has not plausibly pled the elements required to bring a Rule 23.1 action, including "any effort . . . to obtain the desired action from the directors or comparable authority . . . shareholders or members."  Defendants preserve the right to challenge the complaint as deficient under Rule 23.1.

ranging relief, varying from a permanent injunction barring Defendants from implementing the WSG to monetary damages in the amount of $870,210,000,000.  He also requests relief that this Court cannot provide, including the issuance of two patents.  *See id.*

## I.     Relevant Procedural History

On September 5, 2023, Mr. Endres, purportedly acting *pro se* on behalf of Exhaustless, filed a complaint in this action against 85 named "respondents."  *See* Doc. No. 1.

On October 2, 2023, Plaintiff filed a Motion for Leave to File an Amended Petition, Doc. No. 16, and his proposed Amended Petition, Doc. No. 17 ("Amended Complaint").  The Amended Complaint voluntarily dismissed Plaintiff's claims against 51 of the Defendants named in the original complaint and substituted the parent entities for several of the remaining Defendants.  *See* Notice of Dismissal and Clarification of Retained Parties (Oct. 2, 2023), Doc. No. 18.

On October 15, 2023, Plaintiff filed a Motion to Correct his Motion for Leave to File an Amended Complaint.  Doc. No. 35.  On October 18, 2023, the Court entered an electronic order granting Plaintiff's Motion to Correct, thus making the Amended Complaint the operative complaint.  Doc. No. 36.  The lawsuit currently names 23 Defendants.

On October 20, 2023, several Defendants filed a Motion to Extend the deadline for responsive pleadings to the Amended Complaint to January 25, 2024.  Doc. No. 49.  On October 23, 2023, the Court granted the Motion.  Doc. No. 58.

In the Motion to Extend, Defendants informed the Court that they intended to move to strike the Amended Complaint unless Plaintiff obtained counsel, referencing the Department of Justice's recent motion to dismiss Plaintiff's *pro se* takings case in the Court of Federal Claims, as well as clear rules precluding representation in federal court of a corporation by a non-attorney. *See Endres v. United States*, No. 1:23-cv-01536-SSS ("CFC Action"), ECF No. 9 (Ct. Fed. Cl.

Oct. 6, 2023). On October 27, 2023, Plaintiff filed in this case a copy of his response to the United States' motion to dismiss in the CFC Action. Doc. No. 70. On November 30, 2023, the Court of Federal Claims granted the United States' motion and ordered Mr. Endres either to file an amended complaint clarifying his personal claims and removing claims belonging to Exhaustless, or to retain counsel within 30 days, and, if he fails to retain counsel, his action will be dismissed. *Endres v. United States*, No. 23-cv-01536-SSS, 2023 WL 8294786 (Ct. Fed. Cl. Nov. 30, 2023).

This Court held a status conference on November 28, 2023. Doc. No. 74. Plaintiff appeared. When asked whether he intended to retain counsel, Plaintiff stated his belief that he could proceed without counsel in the case because he filed a "derivative" action.[2] Plaintiff also stated that he did not intend to amend the Amended Complaint. *See id.* at 8:8-13 (Mr. Endres: "No, I don't anticipate any amendments to the current complaint."). At the status conference, Defendants requested the opportunity to file an early motion to strike pursuant to L.R. 83.5.5(c), while preserving all objections and substantive bases to dismiss the Amended Complaint (including preserving objections to personal jurisdiction, sufficiency of process, and all substantive affirmative defenses that could be asserted under Rule 12 of the Federal Rules of Civil Procedure). The Court granted Defendants' request, vacated the January 25, 2024 deadline for responsive pleadings, and set a briefing schedule on the instant motion—directing Defendants to file by December 8, 2023. Doc. No. 108.

---

[2]     Tr. of Nov. 28, 2023 Status Conference at 6:9-12 (The Court: "Sir, are you representing your corporation Exhaustless Inc.? Is that your intention? Or do you plan to seek counsel?" Mr. Endres: "Well, I'm representing myself as a shareholder in Exhaustless in a derivative action."); *id.* at 6:24-7:3 (The Court: "So you are aware that individuals are not able to represent corporate entities and that that requires counsel?" Mr. Endres: "Except for a derivative action as a shareholder, major shareholder, so yes.").

Despite his prior representation to the Court, and without conferring with Defendants as required under L.R. 7.1.(a)(2), on December 5, Plaintiff filed a Motion for Leave to Amend the Complaint "as ordered by the U.S. Court of Federal Claims in his companion case [the CFC Action]." Doc. No. 113. Defendants will separately oppose Plaintiff's Motion for Leave.

## LEGAL STANDARD

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). This rule is codified in District of Massachusetts Local Rule 83.5.5(c), which prohibits corporations from appearing *pro se* and permits the Court—even *sua sponte*—to "strike any pleading filed on behalf of any entity that purports to appear *pro se*."

In addition, a complaint that violates the principles of Rule 8 may be struck "within the sound discretion of the court." *Newman v. Massachusetts*, 115 F.R.D. 341, 343 (D. Mass. 1987) (internal quotation and citation omitted); *see Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (district court has "considerable discretion" in deciding motion to strike).

## ARGUMENT

This limited motion to strike addresses a key procedural defect with the complaint—and the case itself—that mandates dismissal. Mr. Endres cannot prosecute his corporation's claims *pro se*. The Amended Complaint's many other procedural deficiencies underscore the sound policy behind this longstanding rule. The Amended Complaint should be stricken as a matter of law.

### I.     Mr. Endres Cannot Proceed Without an Attorney.

Local Rule 83.5.5(c) is clear: "[a] corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual may not appear *pro se*." For a corporation to appear

in a court proceeding, "they must be represented by a licensed attorney." *In re Las Colinas Dev. Corp.*, 585 F.2d 7, 13 (1st Cir. 1978). Mr. Endres cannot circumvent this long-standing rule by styling his claim as a "derivative action."

### A.    The Complaint Should Be Stricken Under Local Rule 83.5.5(c).

Mr. Endres is not an attorney and "is not authorized to submit pleadings (including a complaint) or in any other manner appear on behalf of" his corporation Exhaustless. *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001)*; see also EEOC v. Aviation Port Servs., LLC*, Case No. 18-cv-10909-FDS, 2019 U.S. Dist. LEXIS 194439, at *1–2 (D. Mass. Nov. 8, 2019) (granting counsel's motion to withdraw but explaining that the *pro se* entity defendant must obtain counsel within a month or a default will enter pursuant to Local Rule 83.5.5(c)); *Kurbatzky v. Kristola*, Case No. CV 19-10079-JCB, 2019 WL 1206114, at *1 (D. Mass. Mar. 14, 2019) ("Corporations are unable to appear *pro se*, and the Court will not recognize the appearance of a firm or corporation unless it is accompanied by the appearance of at least one attorney") (citing L.R. 83.5.5(c)); *Star Serv. Corp. v. ABM Janitorial Serv.-N.E., Inc.*, Case No. CV 14-13665-JGD, 2017 WL 4076103, at *1 (D. Mass. Sept. 14, 2017) ("In light of the fact that a corporation cannot appear *pro se* . . . plaintiff shall have 30 days to obtain successor counsel") (citing L.R. 83.5.5(c)).

The rule that "a corporation may litigate only through a duly licensed attorney is venerable and widespread." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (affirming order dismissing complaint unless corporation obtained counsel and enumerating the policy reasons behind the rule, namely to prevent "awkwardly drafted pleadings," "proceedings that are needlessly multiplicative," and the pursuit of "unfounded or vexatious claims"). The bar on *pro se* corporate representation "protects the court and the public from irresponsible behavior by lay advocates" and preserves judicial and party resources. *Cap. Grp., Inc. v. Gaston & Snow*,

768 F. Supp. 264, 265 (E.D. Wisc. 1991); *see also Lewis v. Lenc–Smith Manufacturing Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986) (striking *pro se* appearance and filing on appeal). A nonlawyer is unrestrained by an attorney's ethical responsibilities, including the obligation "to avoid litigating unfounded or vexatious claims." *Jones*, 722 F.2d at 22. Further, the bar on *pro se* corporate litigants is premised "on the practical consideration that '[since] a corporation can appear only through its agents, they must be acceptable to the court; attorneys at law, who have been admitted to practice, are officers of the court and subject to its control.'" *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976).

Courts in this District consistently enforce this "time-hallowed restriction[]." *In re Las Colinas*, 585 F.2d at 13; *see Volumetric Imaging, Inc. v. Teledyne, Inc.*, 194 F.R.D. 373, 375 (D. Mass. 2000) (denying non-lawyer's motion to intervene, observing that Local Rule 83.5.5(c) "applies to a person purporting to be president or some other official of the corporate entity, as well as to other individuals."). The rule applies even where the corporation has a single shareholder. *See, e.g.*, *U.S. ex. Rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("It is well established that a layman may not represent a corporation even if the sole shareholder"); *Cap. Grp.*, 768 F. Supp. at 265 (dismissing sole shareholder's *pro se* action) ("a non-lawyer may not appear on behalf of a corporation, even if that person is the president and sole shareholder of the corporation"). Courts in this District and elsewhere routinely dismiss procedurally improper *pro se* pleadings and otherwise refuse to recognize unrepresented corporations. *See, e.g.*, *McNeil v. Bristol Cty. Prob. & Family Court Div.*, Case No. 16-cv-11712-FDS, 2017 WL 275601, at *5 (D. Mass. Jan. 20, 2017) (Saylor, C.J.) (dismissing an entity's *pro se* claims pursuant to L.R. 83.5.5); *Pinnavaia v. Moody-Stuart*, Case No. C 09-03803 CW, 2009 WL 4899218, at *1 (N.D. Cal. Dec. 11, 2009) (granting motion to dismiss purported derivative action because "a

representative shareholder may not appear without an attorney"); *Volumetric Imaging*, 194 F.R.D. at 375 (denying corporation's motions for relief and to intervene where corporation's president attempted to represent it *pro se*).

Mr. Endres uses the Amended Complaint to espouse a litany of alleged wrongs by various private entities and government agencies.  The Amended Complaint burdens Defendants to spend needless resources defending against Mr. Endres's baseless, unclear, and wide-ranging allegations. Indeed, faced with the same issue, Judge Schwartz of the Court of Federal Claims recently held that Exhaustless could not proceed *pro se* because it "can only seek judicial relief for alleged injuries with the assistance of an attorney." *Endres v. United States*, 2023 WL 8294786 at *1.  For the same reasons, Mr. Endres should not be allowed to proceed without an attorney and the Court should strike his pleading.[3]

### B. Mr. Endres Cannot Rely on Rule 23.1 to Circumvent the Long-Standing Bar on *Pro Se* Derivative Suits.

At the November 28 status conference, Mr. Endres asserted that Rule 23.1 allowed him to proceed *pro se*, the same argument he made before the Court of Federal Claims.  *Endres v. United States*, No. 23-cv-01536-SSS (Ct. Fed. Cl. Oct. 23, 2023), ECF No. 10.  There, Judge Schwartz rejected Mr. Endres's efforts to sidestep "the rule against *pro se* representation of corporations," which "applies to derivative actions too."  *Endres v. United States*, 2023 WL 8294786 at *1.

This Court should reach the same result.  Rule 23.1, erroneously relied upon by Plaintiff, merely states that shareholder derivative actions may be brought.  It does not create an exception to the longstanding rule that corporations must be represented by counsel.  Indeed, there is a robust

---

[3]     Courts have held that a motion to strike is a proper vehicle to address this disabling feature of a complaint. *See, e.g.*, *Dorsey v. Black Pearl Books, Inc.*, Case No. 06-cv-2940-JAG, 2006 WL 3327874, at *1 n.2 (D.N.J. Nov. 14, 2006) ("This Court has the authority to strike any filings made by a non-attorney on behalf of a defendant corporation").

body of caselaw holding that, even if Plaintiff had properly asserted a shareholder derivative action (he did not), the bar applies equally to those cases. *See Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."); *see also Fontanez v. Boeing Corp.*, Case No. 1:22-CV-00919 (UNA), 2022 WL 1597607, at *2 (D.D.C. May 16, 2022) (dismissing complaint because even if "plaintiff is a Boeing shareholder, as a *pro se* litigant, he is nonetheless prohibited from bringing a shareholder derivative suit."); *Bluefeld v. Cohen*, No. CV PX 15-2857, 2016 WL 10587191, at *1 (D. Md. Nov. 22, 2016) (denying motion to amend because *pro se* plaintiff "cannot proceed with a derivative shareholder suit."); *Pinnavaia*, 2009 WL 4899218 at *1 (granting motion to dismiss) ("Because a corporation may not appear in court except through an attorney, likewise a representative shareholder may not appear without an attorney"); *Schoonmaker v. Hubner*, Case No. CIV. A. 92-5471, 1993 WL 311776, at *9 n. 11 (E.D. Pa. Aug. 9, 1993) (granting motion to dismiss) ("Since derivative claims are brought on behalf of the corporation, a derivative action cannot be initiated by a *pro se* litigant"). Plaintiff's characterization of his lawsuits as "derivative shareholder actions" does not relieve him of his obligation to retain counsel.

Courts routinely "disapprove[] any circumvention of the rule" through the use of inappropriate procedural devices. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (citing cases). In *Jones*, for example, the Second Circuit rejected a plaintiff's attempt to proceed without counsel by assigning "the corporation's claims to the lay individual." *Id.*; *see also, e.g.*, *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 816 (E.D. Mich. 2009) (dismissing action and collecting cases) ("a corporation's claims, even when purportedly 'assigned' to an individual, must be litigated by a licensed attorney"); *In re Thomas*, 387 B.R. 808 (Bankr. D. Colo. 2008) ("courts

will look past the legal title to determine whether a *pro se* purported assignee is circumventing rules . . . requiring that corporations be represented by counsel"); *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18–20 (S.D.N.Y. 1974) (dismissing purported corporate assignee's claims because allowing him to appear *pro se* would "allow[] him to flout a well-established and purposeful public policy by means of a procedural device. [He] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation."). Plaintiff similarly should not be permitted to subvert Local Rule 83.5.5(c) and the sound public policies behind it by pronouncing that his suit is a shareholder derivative action. The Court should strike the Amended Complaint.

## II.    The Complaint Is Procedurally Deficient.

A *pro se* litigant is not excused from complying with the Federal Rules of Civil Procedure. *See Pierce v. Collins*, Case No. 18-cv-10843-FDS, 2018 WL 2709207, at *3 (D. Mass. June 4, 2018) (Saylor, C.J.) ("It is not the job of the court or the defendants to create the plaintiff's complaint for him by reviewing voluminous documents and attempting to discern his claims.") (ordering pro se plaintiff to comply with FRCP pleading standards). The Amended Complaint, which is 125 pages long and attaches 12 appendices comprising hundreds of additional pages, violates basic pleading standards. Specifically, Plaintiff fails to present a "short and plain" statement of claims, and "simple, concise, and direct" allegations as Fed. R. Civ. P. 8(a) requires. Plaintiff similarly fails to set out causes of action "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a). These violations of Rules 8 and 10 are so apparent and severe that Judge Young noted in his Order Regarding Case Assignment that the complaint "does not appear strictly (or even loosely) to comply with various Federal Rules." Doc. No. 10 at 3 n.3.

In general, the Amended Complaint is "not organized in a way that makes it easy for the defendants to respond to allegations pertaining to them, or even to figure out which allegations pertain to which defendants . . . ." *Newman*, 115 F.R.D. at 344. Instead, it "is presented in a rambling, discursive essay form . . . mak[ing] it hard for any defendant fairly to admit or deny the allegations set forth." *Zuckerman v. McDonald's Corp.*, Case No. 95-CV-30044-MAP, 1995 WL 631819, at *1 (D. Mass. Oct. 27, 1995). At best, Plaintiff has written a brief, but "[a] complaint is not a brief—and even a brief should not run this long." *Fiedor v. Fla. Dep't of Fin. Servs.*, Case No. 4:18cv191-RH-CAS, 2018 WL 6495194, at *1 (N.D. Fla. Sep. 4, 2018).

These procedural defects forcefully underscore the importance of Local Rule 83.5.5(c), which is designed, in part, to avoid "inarticulate, awkward, and meritless litigation" that "[n]either courts, nor defendants, should waste time and resources on[.]" *Bischoff*, 660 F. Supp. at 820 (granting motion to dismiss and holding that a non-lawyer may not evade the rule through a purported assignment of claims); *see also Lewis*, 784 F.2d at 830 (striking *pro se* appearance and filing on appeal) ("All too frequently non-lawyers, as here, bring less than considered [claims] and present arguments in an inarticulate, if not totally incomprehensible, manner."); *Simbraw, Inc. v. United States*, 367 F.2d 373, 375 (3d Cir. 1966) ("[t]he confusion that has resulted in this case from pleadings awkwardly drafted and motions inarticulately presented . . . demonstrates the wisdom of such a policy."). Permitting the survival of Plaintiff's unclear and unsupported pleading, which fails to satisfy basic requirements under the federal and local rules, risks wasting the Court's and Parties' valuable time and resources. And for a corporation—which is uniquely subject to government regulation and control—this would be particularly improper. *See Volumetric Imaging*, 194 F.R.D. at 375.

In sum, the Court should not recognize any *pro se* filings by Exhaustless or Mr. Endres. Just as the Court of Federal Claims did, this Court should reject Mr. Endres's attempt to pursue his corporation's claims. Plaintiff's "gross violation[s]" of Local Rule 83.5.5(c) and basic pleading requirements prejudice Defendants and warrant striking the Amended Complaint in its entirety. *Newman*, 115 F.R.D. at 343–44.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant the motion, strike Plaintiff's Amended Complaint, and dismiss the action.

DATED:  December 8, 2023                    Respectfully submitted,

 */s/ Kathryn Mims*
Kathryn J. Mims (*pro hac vice*)
Anna Kertesz (*pro hac vice*)
WHITE & CASE LLP
701 13th Street, NW
#600
Washington, DC 20005
Tel: (202) 626-3600
kathryn.mims@whitecase.com
anna.kertesz@whitecase.com

Kathryn Swisher (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
kathryn.swisher@whitecase.com

Abigail Mahoney (BBO # 709427)
WHITE & CASE LLP
75 State St.
Boston, MA 02109
Tel: (617) 979-9300
abigail.mahoney@whitecase.com

*Attorneys for Defendants Air France-KLM S.A.,*
*Alaska Airlines, Inc., International*
*Consolidated Airlines Group S.A., Delta Air*

*Lines, Inc., FedEx Corp., Hawaiian Airlines
Inc., JetBlue Airways Corp., Deutsche
Lufthansa AG, LATAM Airlines Group S.A.,
Southwest Airlines, Co., United Airlines
Holdings, Inc., and United Parcel Service, Inc.*

/s/ Geoffrey E. Hobart
Geoffrey E. Hobart
(BBO # 547499)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110
Tel: (617) 603-8800
Email: ghobart@cov.com

Katharine Mitchell-Tombras (*pro hac vice*)
Gary M. Rubman (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
kmitchelltombras@cov.com
grubman@cov.com

Jonathan M. Sperling (*pro hac vice*)
Kyle W. Chow (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
jsperling@cov.com
kchow@cov.com

*Attorneys for Defendant American Airlines
Group Inc.*

/s/ Christopher Baisden
Christopher Baisden
Senior Assistant Attorney General
Fla. Bar No. 360170
Office of the Attorney General
PL-01 The Capitol

/s/ Tory A. Weigand
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
tweigand@morrisonmahoney.com
Phone:     617-439-7500
Fax:        617-342-4947

CLYDE & CO US LLP
Andrew J. Harakas (to be admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: 212-710-3900
Email: andrew.harakas@clydeco.us

*Attorneys for Defendant Air Canada, Inc.*

/s/ Kathryn Grace
Kathryn Grace (*pro hac vice*)
Wilson Elser Moskowitz Edelman & Dicker
LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(704) 302-1291
Kathryn.Grace@wilsonelser.com

Roy W. Bjorlin, BBO# 666704
Wilson Elser Moskowitz Edelman & Dicker
LLP
260 Franklin Street - 14th Floor
Boston, MA 02110-3112
(617) 422-5347
roy.bjorlin@wilsonelser.com

*Attorneys for Defendant Frontier Group
Holdings, Inc.*

Tallahassee, FL 32399-1050
(850) 414-3300
(850) 488-4872 (fax)
Christopher.Baisden@myfloridalegal.com

/s/ Jonathan E. DeMay
Jonathan E. DeMay (*pro hac vice*)
Constantine J. Petallides (*pro hac vice*
forthcoming)
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Tel: 212-490-9100
jdemay@condonlaw.com
cpetallides@condonlaw.com

Kathleen M. Guilfoyle (BBO # 546512)
CAMPBELL CONROY & O'NEIL, P.C.
20 City Square, Suite 300
Boston, MA 02129
Tel: 617-241-3000
kguilfoyle@campbell-trial-lawyers.com

*Attorneys for Defendant Spirit Airlines, Inc.*

/s/ Christina Marshall
Melissa C. Allison (BBO #657470)
mallison@andersonkreiger.com
Christina Marshall (BBO #688348)
cmarshall@andersonkreiger.com
Paul M. Kominers (BBO #703581)
pkominers@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
617-621-6583

*Attorneys for Defendants Metropolitan
Washington Airports Authority,
Port Authority of New York and New Jersey,
and City of Newark*

UNITED STATES OF AMERICA
JOSHUA S. LEVY
Acting United States Attorney

/s/ Michael Sady
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
(617) 748-3100
michael.sady@usdoj.gov

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned certifies that counsel have conferred and attempted in good faith to resolve or narrow the issues raised in this motion.

*/s/ Kathryn J. Mims*
Kathryn Mims (*pro hac vice*)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 8, 2023, a true and correct copy of the foregoing document and attachment was served upon all counsel of record via the CM/ECF system.

*/s/ Kathryn J. Mims*
Kathryn Mims (*pro hac vice*)