IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN P. ENDRES, derivatively on behalf of EXHAUSTLESS INC., <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY MOODY in her official capacity as Attorney General of Florida, et al., <br><br> Defendants. | Civil Action No. 1:23-cv-12051-FDS |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE OF COURT TO AMEND COMPLAINT**

Defendants Air Canada, Inc., Air France-KLM S.A., Alaska Airlines, Inc., American Airlines Group Inc., International Consolidated Airlines Group S.A., Delta Air Lines, Inc., Deutsche Lufthansa AG, FedEx Corp., Frontier Group Holdings, Inc., Hawaiian Airlines Inc., JetBlue Airways Corp., LATAM Airlines Group S.A., Metropolitan Washington Airports Authority, Port Authority of New York and New Jersey, City of Newark, Southwest Airlines, Co., Spirit Airlines, Inc., United Airlines Holdings, Inc., United Parcel Service, Inc., the Office of the Attorney General of Florida (Ashley Moody), and the United States of America ("Defendants") hereby submit this joint Opposition to Plaintiff Stephen P. Endres's Motion for Leave of Court to Amend Complaint, Doc. No. 113.

Plaintiff's motion for leave to file a second amended complaint should be rejected, both because it is procedurally deficient and because any potential amendment would be futile. Although leave to amend is typically granted "freely" where "justice so requires," Fed. R. Civ. P. 15(a)(2), that "does not mean . . . that a trial court must mindlessly grant every request for leave to

amend." *Nikitine v. Wilmington Tr. Co.*, 715 F.3d 388, 390 (1st Cir. 2013). A district court may deny leave to amend when the request is characterized by, for example, "futility, [or] the absence of due diligence on the movant's part." *Id.* The burden falls on a plaintiff to demonstrate why the court should allow leave to amend. *See Monroe v. Medtronic, Inc.*, 511 F. Supp. 3d 26, 40 (D. Mass. 2021). The Court should deny Plaintiff's motion for at least the following reasons:

**First**, Mr. Endres's motion for leave is procedurally deficient. Plaintiff's two-sentence motion merely requests leave "to amend [Plaintiff's] complaint 'clarifying his personal claims and removing claims belonging to Exhaustless,' as ordered by the U.S. Court of Federal Claims," but does not attach or otherwise describe Plaintiff's proposed amendments. Doc. No. 113. This is improper. Courts "regularly den[y] motions for leave to amend where the plaintiff has failed to attach a proposed amended complaint or articulate the basis for amendment." *Lan Glob., Inc. v. Alchemy Telco Sols. US, LLC*, No. 22-CV-11732-AK, 2023 WL 5978296, at *15 (D. Mass. July 6, 2023) (Levenson, M.J.) (citing cases), report and recommendation adopted, No. 22-CV-11732-AK, 2023 WL 5978297 (D. Mass. Aug. 25, 2023). Here, Plaintiff neither attaches his proposed amended complaint, nor does he articulate any other basis for amendment. Furthermore, he has failed to file a "memorandum of reasons" explaining why his motion should be granted, as required under D. Mass. L.R. 7.1(b)(1). Nor did Plaintiff attempt to meet and confer with Defendants prior to filing his motion, as required by D. Mass. L.R. 7.1(a)(2). As such, Defendants—and the Court—are unable to meaningfully assess Plaintiff's proposed changes to determine the scope and basis for any amendment.

**Second**, Plaintiff's previous pleadings reveal that any further amendment he proposes would be futile, violate the federal rules of pleading, and waste the Court's and the Parties' time and resources. A court may deny a motion for leave to amend where the plaintiff fails to show the

proposed amendment would cure the defects in the initial pleading. *See Smith v. Krupp*, 646 F. Supp. 3d 193, 201 (D. Mass. 2022) (granting motions to dismiss and denying motions to amend; "for a court to grant a motion to amend, only to turn around and dismiss the claims upon the filing of a properly interposed motion to dismiss, would be a waste of time for both the court and counsel."); *see also Debreceni v. Bru-Jell Leasing Corp.*, 710 F. Supp. 15, 22 (D. Mass. 1989) ("Having concluded that both of plaintiff's new claims are not cognizable in this court, leave to further amend the complaint is denied as futile."). Plaintiff in his motion provides no assurances that an amendment would fix the operative complaint's various Fed. R. Civ. P. 8(a) and 10 pleading deficiencies. *See* Mem. in Support of Defs.' Mot. to Strike (Dec. 8, 2023) at 10–12, Doc. No. 121. Nor does he address the operative complaint's fatal defect: Exhaustless, Inc. must be represented by counsel to bring these claims. *Id.* at 5–10.

Plaintiff's proposed amendment "clarifying his personal claims" provides no indication of what allegations or claims he purports to assert, namely because, as Mr. Endres represented to the Court on November 28, all claims in the operative complaint are related to a purported derivative action, and therefore belong, if at all, to Exhaustless, Inc. *See* Tr. of Nov. 28, 2023 Status Conference at 6:11–12 (Mr. Endres: "Well I'm representing myself as a shareholder in Exhaustless in a derivative action."); *id.* at 6:24–7:3 (The Court: "So you are aware that individuals are not able to represent corporate entities and that that requires counsel?" Mr. Endres: "Except for a derivative action as a shareholder, major shareholder, so yes."). Nor does the operative complaint plausibly suggest that Mr. Endres has, or could assert, any injury personally. Rather, the complaint makes clear that the at-issue product and any related claims are owned by Exhaustless, Inc.[1]

---

[1] *See, e.g.*, Amended Complaint at 10 ("**Exhaustless** developed a market-clearing service"); *id.* at 11 (describing "**Exhaustless'** intellectual property"); *id.* ("**Exhaustless** sent information regarding the **Exhaustless Inc.** Aviation 2.0 Operating Standard (A2OS) to the boards of directors of [certain defendants]"); *id.* at 47 ("**Exhaustless**

Accordingly, any amendment to "clarify" previously unasserted claims and make allegations of personal injury would amount to a fundamental transformation of the nature of the claims set forth in the pleading.

This ends the inquiry. Mr. Endres should not be permitted to file an entirely new complaint under the guise of an "amendment." Defendants have already expended significant time and resources in assessing Plaintiff's original and amended complaints, and on moving to strike his pleadings based on his representations to the Court on November 28 and prior. "Defendants and the Court cannot be expected to deal with a constantly shifting target, as plaintiff revises and re-revises [his] claims." *See Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 330 (S.D.N.Y. 2005) (denying motion for leave to amend complaint). Plaintiff needs to retain counsel to pursue this matter and should not be permitted to continue needlessly burdening the Court and Defendants.

It is apparent from Plaintiff's Amended Complaint that Plaintiff has repeatedly challenged the market's rejection of Exhaustless' product in multiple fora over the years without success.[2] Notably, Plaintiff indicated at the November 28 status conference that he has been unable to locate counsel who are willing to represent his company as he pursues the latest iterations of Exhaustless' claims. *See* Tr. of Nov. 28, 2023 Status Conference at 6:9–7:6. Under these circumstances,

---

announced an auction by its market-clearing service"); *id.* at 57 ("No carrier licensed **Exhaustless'** Standard") (emphasis added).

[2]  *See, e.g.*, Amended Complaint at 8 ("Exhaustless offered [its] service to carriers, but every carrier continued to obtain its grandfathered reservations for free rather than bid."); 8–9 (after challenging the FAA's administrative orders, "Exhaustless again offered the service to carriers. The carrier-members of the IATA instead unanimously voted to continue to grandfather reservations—worldwide—for free rather than bid in the reservation market."); 9 ("Exhaustless offered its service in multiple proceedings in Department of Transportation (DOT or TRN) public dockets"); 11 (In 2017, Exhaustless sent product information "to the boards of directors of Respondents American Airlines, Delta Airlines, and United Airlines" and sent its unsolicited DOT proposals "to the CEOs of American, Delta, Southwest, and United Airlines"); 35 ("In December 2019, Exhaustless announced an auction by its market-clearing service . . . No carrier licensed Exhaustless' Standard to participate in the auction."); 47 (same, in 2020); 50–51 (same, in 2020); 51–52 (same, in 2021); 54–55 (same, in 2022); 57–58 (same, in 2022); 64 (same, in 2022); 71 (same, in 2023).

Plaintiff should not be allowed instead to amend the claims to transform the very nature of the complaint so that he can continue to avoid retaining counsel in this matter.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave of Court to Amend Complaint.

DATED: December 15, 2023            Respectfully submitted,

                                                        /s/ Kathryn Mims
Kathryn J. Mims (*pro hac vice*)
Anna Kertesz (*pro hac vice*)
WHITE & CASE LLP
701 13th Street, NW
#600
Washington, DC 20005
Tel: (202) 626-3600
kathryn.mims@whitecase.com
anna.kertesz@whitecase.com

Kathryn Swisher (*pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
kathryn.swisher@whitecase.com

Abigail Mahoney (BBO # 709427)
WHITE & CASE LLP
75 State St.
Boston, MA 02109
Tel: (617) 979-9300
abigail.mahoney@whitecase.com

*Attorneys for Defendants Air France-KLM S.A., Alaska Airlines, Inc., International Consolidated Airlines Group S.A., Delta Air Lines, Inc., FedEx Corp., Hawaiian Airlines Inc., JetBlue Airways Corp., Deutsche Lufthansa AG, LATAM Airlines Group S.A., Southwest Airlines, Co., United Airlines Holdings, Inc., and United Parcel Service, Inc.*

/s/ Geoffrey E. Hobart
Geoffrey E. Hobart
(BBO # 547499)
COVINGTON & BURLING LLP
One International Place
Suite 1020
Boston, MA 02110
Tel: (617) 603-8800
Email: ghobart@cov.com

Katharine Mitchell-Tombras (*pro hac vice*)
Gary M. Rubman (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
Tel: (202) 662-6000
kmitchelltombras@cov.com
grubman@cov.com

Jonathan M. Sperling (*pro hac vice*)
Kyle W. Chow (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000
jsperling@cov.com
kchow@cov.com

*Attorneys for Defendant American Airlines Group Inc.*


/s/ Christopher Baisden
Christopher Baisden
Senior Assistant Attorney General
Fla. Bar No. 360170
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
(850) 414-3300
(850) 488-4872 (fax)
Christopher.Baisden@myfloridalegal.com

/s/ Tory A. Weigand
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
tweigand@morrisonmahoney.com
Phone:    617-439-7500
Fax:      617-342-4947

CLYDE & CO US LLP
Andrew J. Harakas (to be admitted *pro hac vice*)
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Phone: 212-710-3900
Email: andrew.harakas@clydeco.us

*Attorneys for Defendant Air Canada, Inc.*


/s/ Kathryn Grace
Kathryn Grace (*pro hac vice*)
Wilson Elser Moskowitz Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(704) 302-1291
Kathryn.Grace@wilsonelser.com

Roy W. Bjorlin, BBO# 666704
Wilson Elser Moskowitz Edelman & Dicker LLP
260 Franklin Street - 14th Floor
Boston, MA 02110-3112
(617) 422-5347
roy.bjorlin@wilsonelser.com

*Attorneys for Defendant Frontier Group Holdings, Inc.*

/s/ Christina Marshall
Melissa C. Allison (BBO #657470)
mallison@andersonkreiger.com
Christina Marshall (BBO #688348)
cmarshall@andersonkreiger.com
Paul M. Kominers (BBO #703581)

/s/ *Jonathan E. DeMay*
Jonathan E. DeMay (*pro hac vice*)
Constantine J. Petallides (*pro hac vice* forthcoming)
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Tel: 212-490-9100
jdemay@condonlaw.com
cpetallides@condonlaw.com

Kathleen M. Guilfoyle (BBO # 546512)
CAMPBELL CONROY & O'NEIL, P.C.
20 City Square, Suite 300
Boston, MA 02129
Tel: 617-241-3000
kguilfoyle@campbell-trial-lawyers.com

*Attorneys for Defendant Spirit Airlines, Inc.*

pkominers@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
617-621-6583

*Attorneys for Defendants Metropolitan Washington Airports Authority, Port Authority of New York and New Jersey, and City of Newark*

UNITED STATES OF AMERICA
JOSHUA S. LEVY
Acting United States Attorney

/s/ *Michael Sady*
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston MA 02210
(617) 748-3100
michael.sady@usdoj.gov

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on December 15, 2023, a true and correct copy of the foregoing document and attachment was served upon all counsel of record via the CM/ECF system.

*/s/ Kathryn Mims*
Kathryn J. Mims (*pro hac vice*)
