UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN P. ENDRES, derivatively on behalf of EXHAUSTLESS INC., <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY MOODY in her official capacity as Attorney General of Florida, et al., <br><br> Defendants. | Civil Action No. <br> 23-12051-FDS |

### ORDER ON DEFENDANTS' JOINT MOTION TO STRIKE THE AMENDED COMPLAINT

**SAYLOR, C.J.**

Defendants' Joint Motion to Strike the Amended Complaint (ECF No. 120) will be granted. Plaintiff, who is not an attorney, is appearing *pro se* on behalf of a corporation called Exhaustless Inc. It is well-established that "a corporation may appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). That rule is embodied in District of Massachusetts Local Rule 83.5.5(c), which prohibits corporations from appearing *pro se* and permits the court to "strike any pleading filed on behalf of any entity that purports to appear *pro se*."

Plaintiff seeks to evade that requirement by characterizing this action as a derivative action, in which he (as a shareholder) is asserting the rights of the corporation. This is not, in fact, a derivative action—*i.e.*, an action where "one or more shareholders . . . of a corporation [brings an action] to enforce a right that the corporation . . . may properly assert but has failed to enforce." FED. R. CIV. P. 23.1(a). There is no claim, for example, that the management of the

corporation has failed to take action against a third party because of a conflict of interest or wrongdoing by directors or officers. Furthermore, and in any event, the same rule against *pro se* representation of a corporation applies to derivative actions as well. *See, e.g.*, *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976) ("Since a corporation may not appear except through an attorney, likewise the representative shareholder cannot appear without an attorney."). In fact, plaintiff here attempted to make a similar argument before the Court of Federal Claims, which rejected it. *Endres v. United States*, 2023 WL 8294786, at *1 (stating that the rule against *pro se* representation of corporations "applies to derivative actions too").

While the amended complaint suffers from other defects, most notably a failure to comply with Fed. R. Civ. P. 8, for present purposes defendants' joint motion to strike the amended complaint is GRANTED and the Court directs that this action be DISMISSED pursuant to Local Rule 83.5.5(c).

**So Ordered.**

Dated: December 22, 2023

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court